**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          2 Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Sharon D Simms Lewis**

Debtor(s)

Case No.: **14-29356-SLM**
Judge: **Meisel**

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☑ Motions Included
☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: **July 25, 2018**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **SET**          Initial Debtor:  **SSL**          Initial Co-Debtor

1

### Part 1: Payment and Length of Plan

a. The debtor shall pay a total of $63,116.80 to the Chapter 13 Trustee from October 2014 through July 2018 (46 months); the debtor shall pay $1,000.00 monthly to the Chapter 13 Trustee starting August 2018 for approximately 14 months. The total length of plan is approximately 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☑ Sale of real property
  Description: **1402 Shirley Street, Plainfield, NJ 07062**
  Proposed date for completion: **December 31, 2018**

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection          [X] NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Scott E. Tanne st2477** | **Attorney Fees** | 4,426.57 |
| **Internal Revenue Service** | **Taxes and certain other debts** | 0.00 |
| **State of NJ Division of Taxation** | **Taxes and certain other debts** | 0.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:
   ☑ None
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the

allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☑ NONE

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **Midfirst Bank** | **1402 Shirley Street, Plainfield, NJ 07062** | **81,195.18** |

## Part 5:  Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
   ☐ Not less than $____ to be distributed *pro rata*

   ☑ Not less than __100__ percent

   ☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions    ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Capital One Bank | 1402 Shirley Street Plainfield, NJ 07062 | Judgment Lien | 1,123.00 | 115,000.00 | 0.00 | 81,195.18 | ALL |
| FIA Card Services | 1402 Shirley Street Plainfield, NJ 07062 | Judgment Lien | 7,272.00 | 115,000.00 | 0.00 | 81,195.18 | ALL |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

**Part 8: Other Plan Provisions**

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

5

d. Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification    ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: __February 5, 2015__ .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtor is preparing to sell home to complete case.** | **proposing reduced trustee payment and sale of home** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☑ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $100.00 per month for 1 month, then $609.00 per month for 59 months**

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    **July 25, 2018**          **/s/ Scott E. Tanne**
                                    **Scott E. Tanne st2477**
                                    Attorney for the Debtor

Date:    **July 25, 2018**         **/s/ Sharon D Simms Lewis**
                                    **Sharon D Simms Lewis**
                                    Debtor

Date: _____       _____
                                    Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date    **July 25, 2018**          **/s/ Scott E. Tanne**
                                    **Scott E. Tanne st2477**
                                    Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:    **July 25, 2018**         **/s/ Sharon D Simms Lewis**
                                    **Sharon D Simms Lewis**
                                    Debtor

Date: _____       _____
                                    Joint Debtor

```
                            United States Bankruptcy Court
                                  District of New Jersey
In re:                                                                        Case No. 14-29356-SLM
Sharon D Simms Lewis                                                          Chapter 13
         Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0312-2           User: admin                 Page 1 of 2                  Date Rcvd: Aug 01, 2018
                               Form ID: pdf901             Total Noticed: 39

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 03, 2018.
db             +Sharon D Simms Lewis,    1402 Shirley Street,     Plainfield, NJ 07062-2131
515061072      +Aspire,    Po Box 105555,    Atlanta, GA 30348-5555
515061073     ++BANK OF AMERICA,     PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bk Of Amer,       Po Box 982235,    El Paso, TX 79998)
515061074      +Capital One Bank,    c/o Eichenbaum & Stylianou LLC,     PO BOX 914,    Paramus, NJ 07653-0914
515207110       Capital One, N.A.,    c o Becket and Lee LLP,     POB 3001,   Malvern, PA 19355-0701
515221725       CitiMortgage, Inc,    P.O. Box 688971,    Des Moines, IA 50368-8971
515061075      +Citimortgage Inc,    Po Box 9438,    Gaithersburg, MD 20898-9438
515089357      +Department Stores National Bank/Macys,     Bankruptcy Processing,    Po Box 8053,
                 Mason, OH 45040-8053
515061078      +Dsnb Macys,    9111 Duke Blvd,    Mason, OH 45040-8999
515061079      +Equifax,    PO BOX 740241,    Atlanta, GA 30374-0241
515061080      +Experian,    PO BOX 9701,    Allen, TX 75013-9701
515061081      +FIA Card Services,    c/o Zwicker & Associates, P.C.,     1101 Laurel Oak Road,    Suite 130,
                 Woorhees, NJ 08043-4322
516241959      +MidFirst Bank,    999 NorthWest Grand Boulevard,     Oklahoma City, OK 73118-6051
516241960      +MidFirst Bank,    999 NorthWest Grand Boulevard,     Oklahoma City, OK 73118,    MidFirst Bank,
                 999 NorthWest Grand Boulevard,     Oklahoma City, OK 73118-6051
515061089      +Milstead & Associates LLC,     Woodland Falls Corporate Park,    220 Lake Drive East,    Suite 301,
                 Cherry Hill, NJ 08002-1165
515061090      +Newark Po Cu,    Pob 1570,    Newark, NJ 07101-1570
515061093     ++STATE OF NEW JERSEY,     DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court: State of NJ Division of Taxation,       PO BOX 187,
                 Trenton, NJ 08695-0187)
515122145      +TD BANK USA, N.A.,     C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                 SEATTLE, WA 98121-3132
515061094      +Td Bank Usa/targetcred,    Po Box 673,    Minneapolis, MN 55440-0673
515061095      +Trans Union,    PO BOX 2000,    Chester, PA 19016-2000
515157493       Wells Fargo Bank NA,    PO Box 10438,    Des Moines IA   50306-0438
515061096      +Wells Fargo Financial Nat'l Bk/Bobs Disc,     Po Box 10438,    Des Moines, IA 50306-0438
515061097      +Wells Fargo Financial Nat'l Bk/Bobs Disc,     Po Box 94498,    Las Vegas, NV 89193-4498

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 02 2018 00:31:25      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 02 2018 00:31:21     United States Trustee,
                 Office of the United States Trustee,     1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
515061076      +E-mail/PDF: creditonebknotifications@resurgent.com Aug 02 2018 00:37:14       Credit One Bank,
                 Po Box 98873,    Las Vegas, NV 89193-8873
515061077      +E-mail/PDF: creditonebknotifications@resurgent.com Aug 02 2018 00:37:47       Credit One Bank,
                 585 S. Pilot Street,    Las Vegas, NV 89119-3619
515061083       E-mail/PDF: gecsedi@recoverycorp.com Aug 02 2018 00:37:00      GECRB/JC Penny,    Po Box 984100,
                 El Paso, TX 79998
515061082      +E-mail/PDF: gecsedi@recoverycorp.com Aug 02 2018 00:36:59      GECRB/JC Penny,
                 Attention: Bankruptcy,    Po Box 103104,    Roswell, GA 30076-9104
515061084      +E-mail/PDF: gecsedi@recoverycorp.com Aug 02 2018 00:36:59      GECRB/Walmart,    Attn: Bankruptcy,
                 Po Box 103104,    Roswell, GA 30076-9104
515061085      +E-mail/PDF: gecsedi@recoverycorp.com Aug 02 2018 00:37:00      GECRB/Walmart,    Po Box 965024,
                 Orlando, FL 32896-5024
515061087      +E-mail/Text: cio.bncmail@irs.gov Aug 02 2018 00:30:34      Internal Revenue Service,
                 PO BOX 7346,    Philadelphia, PA 19101-7346
515247123       E-mail/Text: JCAP_BNC_Notices@jcap.com Aug 02 2018 00:31:44      Jefferson Capital Systems LLC,
                 Po Box 7999,    Saint Cloud Mn 56302-9617
515061088      +E-mail/Text: bnckohlsnotices@becket-lee.com Aug 02 2018 00:30:20      Kohls/capone,
                 N56 W 17000 Ridgewood Dr,     Menomonee Falls, WI 53051-7096
515061091      +E-mail/PDF: cbp@onemainfinancial.com Aug 02 2018 00:36:26      Onemain,    Po Box 499,
                 Hanover, MD 21076-0499
515061092      +E-mail/PDF: cbp@onemainfinancial.com Aug 02 2018 00:36:25      Onemain Fi,    Po Box 499,
                 Hanover, MD 21076-0499
515280616       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 02 2018 00:58:56
                 Portfolio Recovery Associates, LLC,     c/o Walmart Master Card,    POB 41067,   Norfolk VA 23541
516183610      +E-mail/Text: bnc-quantum@quantum3group.com Aug 02 2018 00:31:10
                 Quantum3 Group LLC as agent for,     MOMA Funding LLC,   PO Box 788,    Kirkland, WA 98083-0788,
                 Quantum3 Group LLC as agent for,     MOMA Funding LLC 98083-0788
516183609       E-mail/Text: bnc-quantum@quantum3group.com Aug 02 2018 00:31:10
                 Quantum3 Group LLC as agent for,     MOMA Funding LLC,   PO Box 788,    Kirkland, WA 98083-0788
                                                                                              TOTAL: 16
```

```
District/off: 0312-2          User: admin                Page 2 of 2                  Date Rcvd: Aug 01, 2018
                              Form ID: pdf901            Total Noticed: 39
```

```
            ***** BYPASSED RECIPIENTS (continued) *****

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
515061086       Harry Lewis
                                                                                        TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 03, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 31, 2018 at the address(es) listed below:

```
          Andrew M. Lubin     on behalf of Creditor    CitiMortgage, Inc. bkecf@milsteadlaw.com,
           alubin@milsteadlaw.com
          Brian C. Nicholas    on behalf of Creditor    MidFirst Bank bnicholas@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Denise E. Carlon    on behalf of Creditor    MidFirst Bank dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Marie-Ann Greenberg     magecf@magtrustee.com
          Scott E. Tanne    on behalf of Debtor Sharon D Simms Lewis info@tannelaw.com,
           tanne.ecf.email@gmail.com
                                                                                            TOTAL: 5
```